## Howard, Appellant, *v.* Bell Telephone Co.

Argued January 13, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Ward C. Henry,* with him *Samuel E. Gilbert,* for appellant.—The right of a widow to sue for the damages resulting from the wrongful death of her husband, as established by the Act of 1851, was the creation of a new right, one which did not exist prior thereto: Birch v. Ry., 165 Pa. 339; Hoodmacher v. R. R., 218 Pa. 21; Preston v. Tel. Co., 250 Fed. Rep. 480; Hill v. R. R., 178 Pa. 223.

*Charles E. Kenworthey* and *Benjamin O. Frick,* for appellee, were not heard, but argued in their printed

brief.—The claim is barred by the statute of limitations: Hughes v. Canal Co., 176 Pa. 254; Hill v. P. R. R., 178 Pa. 223; Hoodmacher v. R. R., 218 Pa. 21; Darbrinsky v. Penna. Co., 248 Pa. 503; Snyder v. R. R., 237 Pa. 620.

The English Courts (see Read v. Ry. L. R. 3 Q. B. 555), this court, and the United States Supreme Court, in construing the respective statutes have all held that the right is derivative and dependent upon the existence of a right in the decedent immediately before his death to successfully maintain an action.

OPINION BY MR. JUSTICE DREW, March 14, 1932:

This appeal presents a novel and interesting question. The question is: Whether the Act of April 15, 1851, P. L. 669, gives a widow a right of action for damages for negligence causing the death of her husband, where, at the time of his death, his right of action for the same negligence was barred by the statute of limitations.

The plaintiff is the widow of Richard James Howard, who died February 27, 1926, as a result of injuries sustained September 28, 1905, through the alleged negligence of defendant. This suit was commenced on February 23, 1927. The defendant filed an affidavit of defense raising a question of law, the ground thereof being that suit by decedent, Richard James Howard, was at the time of his death barred by the statute of limitations, and that therefore the plaintiff has no right of action. The court below sustained the affidavit of defense and entered judgment for defendant, whereupon plaintiff took this appeal.

There was no action at common law for damages for negligence causing death. The common law was expressed in the maxim, actio personalis moritur cum persona. The hardship of this rule was abrogated in England by the Act of 9 & 10 Vict., c. 93, section 1, known as "Lord Campbell's Act," passed in 1846, which created such action in favor of designated persons injured by the death. The distinguishing features of Lord Campbell's

Act were enacted in Pennsylvania by the Act of April 15, 1851, P. L. 669, (sections 18-19), and the Act of April 26, 1855, P. L. 309. These statutes authorize an action by a widow for damages for negligence causing the death of her husband if begun within one year from the date of death. This suit was brought within the one year period.

It is conceded that no action was commenced by Richard James Howard in his lifetime. The Act of June 24, 1895, P. L. 236, provides that an action to recover for injuries must be brought within two years from the time when the injury was done and not afterwards, where the injury does not result in death. Howard's right of action expired on September 28, 1907, more than nineteen years before the time of his death. The defendant contends, and the court below sustained its contention, that since the death did not occur until more than two years after the injuries were received, this action by the plaintiff cannot be maintained. The determination of the question depends on the nature and character of the right of action given by the Act of 1851 to the widow. If it is a distinct and independent action, the plaintiff's suit is well brought.

The plaintiff insists that the Act of 1851 created a new right of action. With this we agree: Fink v. Garman, 40 Pa. 95; Birch et al. v. P., C., C. & St. L. Ry. Co., 165 Pa. 339; McCafferty v. P. R. R. Co., 193 Pa. 339. But it is contended that this new action is distinct and independent, not derived from or dependent upon the existence of a right of action in the husband when he died, and, therefore, the fact that his right of action had expired does not preclude the existence of a right in his widow. With this argument we cannot agree. We said in Hughes v. D. & H. Canal Co., 176 Pa. 254, "We are not aware of any case, certainly our attention has not been called to any, in which a widow has recovered for injuries to her husband where he could not have done so himself if he had survived. And on principle it is per-

fectly clear that she never can do so, for the original right of action is in him and hers is but in succession or substitution for his, where he has not asserted it himself." The situation is further clarified in Hoodmacher v. Lehigh Valley R. R. Co., 218 Pa. 21, where this court, by Chief Justice MITCHELL, speaking of the effect of the Act of 1851, said: "No matter how great the negligence of the defendant, nor where it began or continued, there was no cause of action to anybody until an injury was received. As soon as the decedent was injured he had a common-law right of action, which was transitory and enforceable in any common-law jurisdiction where defendant could be served. But when he died without having brought suit, his right died with him, there was no survivorship to anyone. By statute a new right arose, derivative in its nature and not maintainable, when if he had lived he could not have recovered, yet, nevertheless, a new right, resting entirely on statute, and vested in the party to whom it is given by the statute of the jurisdiction in which it arose." Since the widow's right of action is derivative and in succession or substitution for his, its very existence depends upon a right of action in the husband at the time of his death. It must be remembered that the cause of action contemplated by the statute is the tort, the "unlawful violence or negligence," and not the death caused by the tort: Centofanti v. P. R. R. Co., 244 Pa. 255.

While the husband lived, and before the statute of limitations had run against him, he alone had a right of action for damages for his injuries. He could maintain an action to judgment and satisfaction, or he could extinguish his claim by releasing defendant from liability. If he did either his right of action was gone, and there was nothing which could be preserved for the widow. It is as we said in Hill v. P. R. R. Co., 178 Pa. 223, "the right of action was in its origin the sole property of the husband and of course subject to his control. If he exercised it and conducted it to verdict, judgment and sat-

isfaction in the courts, that was the end of it. Neither he nor anyone else could maintain a second action for the same injury. So also he could compound it, and could adjust the amount to be received from the offending party and could agree that the amount received should be a full solatium for the injury and the damage sustained. That would be a necessary incident to his ownership of the right of action. Such an adjustment would be the full equivalent of a verdict and judgment in an adversary proceeding. In either event the remedy would be exhausted." Therefore, while the right of action given by the statute to the widow is a new one, it is dependent upon the existence of a right of action in the husband at the time of his death. The statute cannot be construed to give the widow a greater right than the husband would have if living. The plaintiff's husband extinguished his right of action by failing to assert it within the two year period fixed by the statute. A right of action can be extinguished as effectively by the statute of limitations as in any other way. In this case it was an absolute bar to action by the husband for many years prior to his death. From the time his action was barred, there was nothing the statute could act upon to preserve a right for the widow. There could be no preservation of a right which had ceased to exist. The logic of the situation will bear no other conclusion. To hold otherwise would be to say that a right of action which was legally dead could be revived by the death of the injured person, so as to pass a right of action to his widow or heirs.

The Supreme Court of the United States reached the same conclusion in a very recent case: Flynn v. N. Y., N. H. & H. R. R. Co., 283 U. S. 53. In passing upon the Federal Employers' Liability Act of 1908, which is similar to our Act of 1851, the court decided that the running of the statutory period of limitation during the life of the injured person barred an action by his widow. The Federal Act provides that common carriers shall be

liable in damages to any person suffering injury while employed in interstate commerce, or "in case of the death of such employee, to his or her personal representative" for the benefit of the widow, children, parents or next of kin. Section 6 provides that no action shall be maintained "unless commenced within two years from the day the cause of action accrued." The plaintiff's husband died more than two years after suffering injury without having instituted an action at law; within a year after his death the widow sued, and it was argued on her behalf that under the statute the right of the widow was distinct, and that it could not accrue until the death, and that hence the statutory period did not begin to run until that time. Mr. Justice HOLMES, delivering the opinion of the court, said: "It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employee at the time of his death: Mich. Cent. R. R. Co. v. Vreeland, 227 U. S. 59. On this ground an effective release by the employee makes it impossible for his administrator to recover: Mellon v. Goodyear, 227 U. S. 335. The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release: Engel v. Davenport, 271 U. S. 33, and the same consequence follows." The clear reasoning of this case applies exactly to the case before us.

We conclude, as did the learned court below, that where a man has been injured through alleged negligence, and at the time of his death his right of action had been extinguished by the statutory limitation, his widow cannot maintain a suit against the alleged wrongdoer based on the same act of negligence.

Judgment affirmed.