688 F.2d 215
 June GRBAC, Administratrix of the Estate of Michael J.
Grbac, Deceased, Appellant,
v.
READING FAIR CO., Fair Investment Co., Inc., Reading Stock
Cars, Inc., Reading Stock Car Racing Association,
and Lindy V. Vicari, Appellees.
 No. 82-5091.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Aug. 2, 1982.
Decided Sept. 14, 1982.
Rehearing and Rehearing In Banc Denied Oct. 13, 1982.
 
 Henry H. Wallace, Maureen Dunn Harvey, Wallace, Chapas & Gravina, Pittsburgh, Pa., for appellant.
 Warren D. Ferry, Murovich, Reale & Fossee, Pittsburgh, Pa., for appellees.
 Before ALDISERT and WEIS, Circuit Judges and RE,* Chief Judge.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 The question presented on appeal is whether a release for personal injuries and death signed by an individual before he died bars a wrongful death action brought on behalf of his widow and children. The district court held that the release was effective under Pennsylvania law. We agree, and expressly disapprove inconsistent dictum in our earlier opinion in Brown v. Moore, 247 F.2d 711 (3d Cir. 1957).
 
 
 2
 The plaintiff is the widow of Michael Grbac, who was killed while driving in a stockcar race at the Reading Fairgrounds in Reading, Pennsylvania. She filed wrongful death and survival actions alleging that the defendants' negligence caused her husband's death. The district court entered summary judgment for the defendants on the basis of a release signed by Michael Grbac before he entered the race.
 
 
 3
 Before a driver could enter a race at the defendants' track, he was required to execute a form entitled "Release and Waiver of Liability and Indemnity Agreement." The document provided, in part, that the driver released the defendants "from all liability to the Undersigned, his personal representatives, assigns, heirs and next of kin for all loss or damages, and any claim or demands therefor, on account of injury to person or property or resulting in death of the Undersigned, whether caused by negligence of the Releasees or otherwise...."
 
 
 4
 In ruling on the defendants' motion for summary judgment, the district court found the release enforceable in that it was not against public policy, was supported by adequate consideration, and was applicable to negligence which occurred after its execution. The court also found that gross negligence was not involved in the case since the plaintiff, after extensive discovery, had been unable to produce any evidence to support that theory. 521 F.Supp. 1351 (W.D.Pa.1981).
 
 
 5
 The plaintiff moved for reconsideration on the ground that the release signed by the decedent did not, as a matter of Pennsylvania law, bar this wrongful death action brought on behalf of his wife and minor children. The district court did reconsider the matter, but concluded that a release which is valid against the decedent does bar a wrongful death action.
 
 
 6
 On appeal, the plaintiff raises the same points she asserted in the district court. After carefully reviewing the briefs and the record, we conclude that the district judge did not err in his initial determination that the release was valid. Because the able opinion of District Judge Cohill adequately covers the arguments made by the plaintiff, we find no need to repeat his analysis here. We are required, however, to address the issue raised in the motion for reconsideration-that is, whether the plaintiff is bound by the decedent's release.
 
 
 7
 The Pennsylvania Wrongful Death Statute, 42 Pa.Con.Stat.Ann. § 8301(a) (Purdon Supp.1982), provides that an action may be brought for the death of an individual caused by negligence if no action for damages was brought by the injured person during his lifetime. This right of action exists for the benefit of the spouse, children or parents of the deceased. 42 Pa.Con.Stat.Ann. § 8301(b). In addition, Section 8302, generally referred to as the Survival Act, allows all causes of action to survive the decedent. 42 Pa.Con.Stat.Ann. § 8302.
 
 
 8
 It is argued that the Pennsylvania Wrongful Death Act creates a separate claim on behalf of the surviving spouse and children which is not affected by the decedent's execution of a pre-mortem release. The plaintiff relies upon Brown v. Moore, 247 F.2d 711 (3d Cir. 1957). That case was a wrongful death action brought by the wife of a patient who died from injuries he received in a fall while being treated for mental illness at the defendants' private sanitarium. A jury found in favor of the plaintiff, but the district court granted judgment n. o. v. for the defendants on the ground that the culpable party was an independent contractor and the defendants were not liable under a respondeat superior theory.
 
 
 9
 This court reversed and directed entry of judgment on the verdict. After a lengthy discussion of Pennsylvania law on the application of respondeat superior to a hospital setting, the court turned to the subject of a release which had been pleaded by the defendants. The court held that, as a matter of law, the release which had been signed by the decedent and his wife applied only to electroshock treatments and not to the decedent's fall down a flight of steps. There followed a comment in the opinion that even if the release executed by the decedent and his wife was effective as to her, the children would nonetheless be entitled to recover. Id. at 722. The actual holding of the court, however, was directed only to the scope of the defendant's conduct covered by the release. The offhand remark which followed a few sentences later about the effect of the release on the children's rights is only dictum and does not represent a correct interpretation of Pennsylvania law.
 
 
 10
 The Supreme Court of Pennsylvania has not had occasion in recent years to rule upon the precise issue raised in the case at hand, but we conclude that Hill v. Pennsylvania Railroad, 178 Pa. 223, 35 A. 997 (1896), controls. In that case, the plaintiff's husband had been injured by the defendant's negligence and signed a release three days later. The husband died ten months after the accident and his widow sued under Pennsylvania's Wrongful Death Act. The statute at that time was similar in all relevant respects to the one presently in force.
 
 
 11
 The Pennsylvania court noted that, at common law, the death of an individual abated a cause of action for personal injury. The statute corrected the situation by allowing the claim to survive and be prosecuted by designated parties. The court pointed out, however, that nothing in the Act justified the plaintiff's contention that a widow had a new and independent cause of action, separate and distinct from that of her husband who had sustained the injuries. He had the sole ownership of the cause of action and could either take it to judgment or compromise it. "In either event, the remedy would be exhausted." Id. at 230, 35 A. 997. The court cited with approval Read v. Great Eastern Railway Co., L.R. 3 Q.B. 555, where a similar holding had been made.
 
 
 12
 The Hill case has not been overruled and we conclude that it is still controlling law in Pennsylvania. Apparently, it was not brought to the court's attention in the Brown case.
 
 
 13
 Further support for the proposition that the wrongful death action is purely derivative may be found in cases which hold that contributory negligence of the decedent bars recovery.[1] Allison v. Snelling & Snelling, 425 Pa. 519, 229 A.2d 861 (1967). Moreover, if the statute of limitations in the personal injury action had run before the decedent's death, there could be no recovery under the Wrongful Death Act. Howard v. Bell Telephone Co., 306 Pa. 518, 160 A. 613 (1932).
 
 
 14
 Plaintiff relies upon Kaczorowski v. Kalkosinski, 321 Pa. 438, 184 A. 663 (1936), where the court spoke of "an independent right of action to recover damages particularly suffered by" a beneficiary of the Act. There, the court concluded that the parents of a woman killed in an automobile accident could recover from the estate of her husband who had also died in the crash. The court noted that the prohibition of a wife suing her husband for personal injuries was a personal disability which no longer existed after death. The reasons for spousal immunity-the common law principle of unity of husband and wife, and the preservation of domestic harmony-no longer had any validity after the death of both.[2]
 
 
 15
 That case is not helpful to the plaintiffs here because, as the court noted, even though a cause of action was created by the tortious conduct, one spouse was immune from suit by the other. The husband's immunity, however, had no effect on the underlying cause of action. Here, the cause of action itself has been satisfied by the release. The issue in this case is not a personal disability but the continued viability of the cause of action itself. It is in this context that the release must be viewed and in that light it bars recovery by the plaintiff.
 
 
 16
 Since we find no error in the resolution of this case by the district court, the judgment will be affirmed.
 
 
 
 *
 Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation
 
 
 [1]
 Pennsylvania has since adopted a comparative negligence statute, which operates to reduce the recovery to the plaintiff by the percentage of negligence attributable to the decedent. 42 Pa.Con.Stat.Ann. § 7102 (Purdon Supp.1982)
 
 
 [2]
 The Pennsylvania Supreme Court recently abrogated the doctrine of spousal immunity in Hack v. Hack, 495 Pa. 300, 433 A.2d 859 (1981)