867 F.2d 179
 Prod.Liab.Rep.(CCH)P 12,049
Benoit JOSEPH, Appellant,
v.
HESS OIL, Virgin Islands Corporation, Amerada Hess
Corporation, St. Croix Petrochemical Corporation, Keene
Corporation, Individually and as Successor in Interest to
Baldwin Ehret-Hill Co., Keene Building Products Co., and
Ehret Magnesia Manufacturing Co., Owens-Corning Fiberglas
Corporation, Pittsburgh Corning Corporation, Celotex Corp.,
Successor in Interest to Phillip Carey Manufacturing Co.,
Philip Corporation, Briggs Manufacturing Company and Panacon
Corporation, Eagle-Picher Industries, Inc., Raymark
Industries, Inc., Successor in Interest to Raybestos
Manhattan, Inc., and GAF Corporation.
 No. 88-3039.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 6, 1988.
Decided Feb. 9, 1989.
 
 Edward Haskins Jacobs (argued), Jacobs and Brady, Christiansted, St. Croix, U.S. V.I., for appellant.
 James F. Hammill (argued), McCarter & English, Philadelphia, Pa., for appellees The Keene Corp., Owens-Corning Fiberglas Corp., Pittsburgh Corning Corp., The Celotex Corp., Eagle-Picher Industries, Inc., GAF Corp., Fibreboard Corp., and Flexitallic Gasket Co., Inc.
 Britain H. Bryant (argued), Stacy L. White, Law Offices of Britain H. Bryant & Associates, P.C., Christiansted, St. Croix, U.S. V.I., for appellees Hess Oil Virgin Islands Corp., St. Croix Petrochemical Corp. and Amerada Hess Corp.
 R. Eric Moore, Law Offices of R. Eric Moore, Christiansted, St. Croix, U.S. V.I., Edgar A. Neely, III, Neely and Player, Atlanta, Ga., for appellee Raymark Industries, Inc.
 Before GREENBERG, SCIRICA and WEIS, Circuit Judges.
 OPINION OF THE COURT
 SCIRICA, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court granting the defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56. The district court found that the plaintiff's tort claim was barred by the Virgin Island's two year statute of limitations. For reasons that follow, we conclude that a material question of fact exists with regard to the date plaintiff knew or should have known that he had contracted an asbestos-related disease. Accordingly, we will reverse the grant of summary judgment and remand to the district court.
 
 I.
 
 2
 Appellant Benoit Joseph, the plaintiff below, was employed as an insulator at the Hess Oil Virgin Islands Corp. (HOVIC) petrochemical refinery in St. Croix, Virgin Islands, from 1967 to 1986.[1] It is undisputed that during this time he often worked with asbestos insulation.
 
 
 3
 At some point in late 1982, Joseph's supervisor pulled Joseph's crew off a job site because the crew had not been working with protection from the asbestos insulation. Later on, at his deposition, Joseph stated that it was on that day that he became aware that asbestos was a "bad thing." App. at 155-56.
 
 
 4
 After the incident with Joseph's supervisor, Litwin Panamerican Corporation, Joseph's then employer, had him examined by Dr. Cebedo. The examination was part of a program to examine the lungs of Litwin's insulators. App. at 256. The medical report[2] filed by Dr. Cebedo states:
 
 
 5
 CLINICAL DATA: Worked 14 years; smokes less one pack cigarettes/day/20 years; denied any pulmonary illness; lungs-clear; heart-negative 200/120.
 
 
 6
 CHEST X-RAY: Lungs-clear; hypertensive cardiovascular disease.
 
 
 7
 SPIOMETRY [sic]: Slightly restrictive ventilatory defect and suggests superimposed airway obstruction.
 
 
 8
 App. at 254. Joseph was then referred to Dr. Farrell to have a pulmonary function test. The results of the screening, conducted November 30, 1982, were as follows:
 
 
 9
 SUMMARY: Spirometry reveals a slightly restrictive ventilatory defect and suggests superimposed airway obstruction. If clinically indicated, further studies with response to bronchodilators are advised.
 
 
 10
 App. at 255.
 
 
 11
 Joseph continued to work at HOVIC until 1986. Some time in 1986, Joseph's attorneys sent him to be examined by Dr. Farrell, who on March 11, 1986, diagnosed Joseph as having asbestosis.[3] On April 25, 1986, Joseph filed a fourteen count complaint against HOVIC[4], including a demand for a jury trial, seeking compensatory and punitive damages for injuries caused by exposure to asbestos.
 
 
 12
 HOVIC moved for summary judgment contending that no material question of fact was raised with regard to the date Joseph discovered that he suffered from an asbestos-related disease. HOVIC argued that Joseph's deposition testimony and the doctors' reports established that Joseph knew or should have known that he suffered from an asbestos-related disease in late 1982. The district court applied the discovery rule, stating that Joseph was required to file suit within the appropriate statute of limitations after he knew or should have known that he had contracted an asbestos-related disease. The court agreed with HOVIC that Joseph was aware of his condition in 1982, and found Joseph's complaint barred by the Virgin Island's two-year statute of limitations for personal injury actions. Joseph v. Hess Oil Virgin Islands Corp., 671 F.Supp. 1043, 1048 (D.V.I.1987) (citing 5 V.I.C. Sec. 31(5)(A) (1977)). The court granted HOVIC's motion for summary judgment.[5]
 
 
 13
 Joseph filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) and a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). In support of the Rule 60(b) motion, Joseph submitted an affidavit from Dr. Cebedo stating that if Joseph had asked him in 1982 whether he had an asbestos-related disease, he would have told Joseph that he did not know. The district court denied reconsideration under Rule 59(e) and denied relief pursuant to Rule 60(b). Joseph filed a timely notice of appeal to this order.[6] We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 II.
 
 14
 Our standard of review in an appeal from a grant of summary judgment is plenary. "On review the appellate court is required to apply the same test the district court should have utilized initially." Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
 
 
 15
 Any inferences to be drawn from the evidence before the district court must be viewed in the light most favorable to the party opposing the motion, in this case, Joseph. Joseph's allegations must be taken as true, and when these conflict with those of HOVIC, Joseph must receive the benefit of the doubt. Goodman, 534 F.2d at 573. Under Rule 56, HOVIC may only prevail if they show "that there is no genuine issue as to any material fact and that [they are] entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine only if "the evidence is such that a reasonable jury could return a verdict" for plaintiff. Id. at 248, 106 S.Ct. at 2510.
 
 
 16
 We apply these standards in deciding whether there is a genuine issue as to the date Joseph knew or should have known that he contracted an asbestos-related disease. This date will determine whether his action is time-barred as a matter of law.
 
 III.
 
 17
 The statute of limitations for a personal injury action in the Virgin Islands is two years. 5 V.I.C. Sec. 31(5)(A) (1977).[7] However, application of the equitable "discovery rule" tolls the statute of limitation when the injury or its cause is not immediately evident to the victim. See Deleski v. Raymark Industries, Inc., 819 F.2d 377, 379 (3d Cir.1987); Cowgill v. Raymark Industries, Inc., 780 F.2d 324, 332 (3d Cir.1986); Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 553 (3d Cir.1985); Whitehead v. St. Joe Lead Co., Inc., 729 F.2d 238, 255 (3d Cir.1984).
 
 
 18
 The district court held that the Virgin Islands statute of limitations is tolled in an asbestos action until "(1) a plaintiff knows that he has an asbestos-related injury and its cause by virtue of the physical manifestation of the effects of the disease; or (2) the plaintiff has reason to know of his asbestos injury and its cause through the exercise of reasonable diligence." Joseph, 671 F.Supp. at 1047. The parties do not dispute the application of the discovery rule to the Virgin Islands statute of limitations or to this case. We hold that the application of the discovery rule, as previously outlined by this court, applies to the Virgin Islands statute of limitations.[8] Nevertheless, we find that because a material issue of fact arose with regard to the date Joseph discovered that he had contracted an asbestos-related disease, summary judgment should not have been granted.
 
 
 19
 In determining whether Joseph knew he suffered from an asbestos-related disease, the district court relied heavily on a portion of Joseph's deposition testimony, where the following exchange took place:
 
 
 20
 Q: Mr. Joseph: The day that this fellow Frank told you that there was asbestos on the pipe [in 1982]A: Yeah.
 
 
 21
 Q: Were you already feeling ill at that time?
 
 
 22
 A: Yeah. A long time before that.
 
 
 23
 Q: A long time before that?
 
 
 24
 A: Yeah.
 
 
 25
 Q: When he told you that there was asbestos on the pipe, did you figure out that day you might be, you were ill or you might be feeling ill because of asbestos?
 
 
 26
 A: I figure that because I come to know that it is a bad thing.
 
 
 27
 Q: On that day?
 
 
 28
 A: Yes, and I figure that is the thing that makes me sick.
 
 
 29
 App. at 155-56. The district court also relied on a portion of Joseph's deposition testimony where he stated that he had started to feel ill "a long time" before 1982. Joseph, 671 F.Supp. at 1047-48. The district court reasoned that Joseph knew he was sick and attributed his sickness to asbestos in 1982, and therefore, the complaint filed in 1986 was untimely.
 
 
 30
 Joseph contends that the deposition testimony relied on by the district court could be interpreted to mean that in 1982 Joseph learned that asbestos was a "bad thing," and only realized later that it caused him to be ill. While Joseph's interpretation might be plausible, we believe that it is more reasonable to attribute plain meaning to Joseph's statement. At the same time, we note that Joseph is of limited education, and his manner of speech is imprecise. If this question of interpretation were Joseph's only argument, we might view this case differently. There is other evidence, however, that indicates that Joseph did not know he suffered from an asbestos-related disease, and which therefore raises a material question of fact.
 
 
 31
 First, testimony given by Joseph at an earlier point in the same deposition contradicted the testimony the district court relied on:
 
 
 32
 Q: Did you ever report to anybody at Hess or Litwin that you worked for that you thought you had an asbestos disease?
 
 
 33
 A: Well, I couldn't tell them that because I wasn't know I have asbestos disease.
 
 
 34
 Q: You did not know you had it?
 
 
 35
 A: I feel sick but I don't know it's asbestos disease I have because I never know it give you a sickness.
 
 
 36
 App. at 148-49. Second, interrogatories answered by Joseph further support that he was unaware of his condition:
 
 
 37
 Q: If you are claiming loss of earnings or impairment of earning power because of any asbestos-related injury, then state (a) when you first became so impaired;
 
 
 38
 A: I first realized that I was impaired when I was told by Dr. Farrell that I had an asbestos-related injury [on March 11, 1986.]
 
 
 39
 App. at 163. In sum, the record contains evidence which, if taken as true, would create a material issue of fact as to whether Joseph knew in 1982 he had become sick due to his exposure to asbestos. The fact that Joseph made apparently conflicting statements does not remove the issue of fact. See Cowgill, 780 F.2d at 330 (material issue of fact created where asbestos worker stated that he was unaware he had contracted asbestosis, yet also admitted that he attended group discussions about asbestos-related diseases).
 
 
 40
 We find it significant that the apparently conflicting statements were made nearly contemporaneously, in the same deposition. In cases where a party has filed an affidavit which contradicts earlier deposition testimony, summary judgment has been granted where the court found that the contradictory affidavit was filed in order to defeat the summary judgment motion. Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 705 (3d Cir.1988); Van T. Junkins and Associates v. U.S. Industries, 736 F.2d 656, 657 (11th Cir.1984). In this case, however, we have no reason to believe that the conflicting statements were made for this purpose. Joseph's statement that he did not know asbestos made him ill was made at an earlier point in the same deposition. Thus, we need not disregard the statement as an attempt to fabricate an issue of fact in order to defeat the motion for summary judgment. Cf. Martin, 851 F.2d at 705 ("[w]here the witness was confused at the earlier deposition or for some other reason misspoke, the subsequent correcting or clarifying affidavit may be sufficient to create a material dispute of fact").
 
 
 41
 We also believe that a material issue of fact was presented as to whether Joseph should have known that he had become sick due to his exposure to asbestos. The district court found that Joseph "had reason to know of his injury and its cause as early as late 1982 or early 1983." Joseph, 671 F.Supp. at 1048. The district court based its decision on the medical report of Dr. Cebedo. The court stated that had Joseph asked the doctor of the meaning of the report, Joseph would have learned that he had symptoms of asbestosis. Id. (citing Peters and Peters, Sourcebook on Asbestos Diseases: Medical, Legal and Engineering Aspects, B4-B11 (1980)). According to the district court, Joseph's lack of diligence in pursuing the matter did not excuse him. Since "the specifics of the injury were discoverable to" Joseph in 1982, the statute of limitations began running at that point. Id.
 
 
 42
 Although Joseph was sick, and became aware in 1982 that asbestos was a "bad thing," it cannot be assumed that he should have known that his illness was asbestos-related. This court has specifically rejected the argument "that any individual who has been exposed to asbestos in the workplace should know that he has an asbestos-related disease as of the date he learns of the health hazards posed by asbestos exposure." Cowgill, 780 F.2d at 330. Furthermore, it is not clear that Dr. Cebedo's medical report, stating that Joseph's chest x-ray showed clear lungs and hypertensive cardiovascular disease and that the spirometry showed slightly restrictive ventilatory defect and suggested a superimposed airway obstruction, indicates that Joseph was suffering from asbestos-related symptoms. Whether the medical report supports the conclusion that Joseph should have known he suffered from asbestosis in 1982 is a question of material fact that is disputed by the parties. Accordingly, summary judgment should not have been granted on this issue.
 
 IV.
 
 43
 We, like the district court, cannot weigh the evidence and determine the truth of the matter, but may only determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249, 106 S.Ct. at 2511. Given this standard, we find that material questions of fact were raised as to the date Joseph knew or should have known that he suffered from an asbestos-related disease. We will therefore reverse the district court order granting summary judgment to HOVIC and remand for proceedings consistent with this opinion.
 
 
 44
 Costs to be taxed against appellees.
 
 
 
 [1]
 Joseph worked for Borinquen Insulation Company from 1967 to 1969. From 1969 to 1986, Joseph worked for Litwin Construction, Inc., The Litwin Corporation, and Litwin Panamerican Corporation
 
 
 [2]
 The medical report is undated. Joseph signed his name and date to the report, indicating that he received it on February 25, 1983
 
 
 [3]
 Although the record reflects that Joseph was diagnosed by Dr. Farrell in 1986, at oral argument Joseph's counsel stated that Joseph had an x-ray showing neoplasm in 1985. The difference in dates is not relevant to our discussion, since the complaint was filed within two years of either date
 
 
 [4]
 The appellees in this case will be collectively referred to as "HOVIC."
 
 
 [5]
 Although the district court opinion states that "plaintiff's complaint ... will be dismissed as a matter of law," Joseph, 671 F.Supp. at 1049, the court's order clearly granted the HOVIC's motion for summary judgment. App. at 236
 
 
 [6]
 Appellant had filed a second motion for reconsideration from the order denying his first motion for reconsideration. The district court denied the motion. Although the filing of this second motion for reconsideration did not toll the time for appeal, Turner v. Evers, 726 F.2d 112, 114 (3d Cir.1984), the notice of appeal was nevertheless timely to the district court's order denying the motion for reconsideration and motion for relief under Rule 60(b). Fed.R.App.P. 4(a)(1)
 
 
 [7]
 The statute provides in relevant part:
 Civil Actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
 * * *
 (5) Two years--
 (A) An action for ... any injury to the person or rights of another not arising on contract an not herein especially enumerated ...
 
 
 [8]
 "In the asbestos litigation context, the discovery rule would suspend the statutory period until the plaintiff knows, or reasonably should know: (1) that he or she has been injured; and (2) that the injury has been caused by another party's conduct." Ciccarelli, 757 F.2d at 553