

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2006

# Warner v. Ross

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Warner v. Ross" (2006). *2006 Decisions*. Paper 1763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1014

BRENDA WARNER,
                                 Appellant

v.

DR. GILBERT ROSS

On Appeal from the Appellate Division of the
District Court of the Virgin Islands, Division of St. Croix
D.C. Civil Action No. 99-cv-00111
(Honorable Raymond L. Finch and Honorable Thomas K. Moore,
United States District Judges, and
Honorable Rhys S. Hodge, Territorial Court Judge)

Argued December 5, 2005

Before:  SCIRICA, *Chief Judge*, McKEE and NYGAARD, *Circuit Judges*

(Filed January 11, 2006)

K. GLENDA CAMERON, ESQUIRE (ARGUED)
Law Office of Rohn & Cameron
1101 King Street, Suite 2
Christiansted, St. Croix
U.S. Virgin Islands 00820
          Attorney for Appellant

JAMIL N. ALIBHAI, ESQUIRE (ARGUED)
ARNETT GAUBERT, ESQUIRE
2000 Ross Avenue
4650 Trammell Crow Center
Dallas, Texas 75201
 Attorneys for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Brenda Warner appeals the entry of summary judgment by the Territorial Court and its affirmance by the Appellate Division of the District Court of the Virgin Islands in this dental malpractice action. We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

**I.**

Because we write for the parties, an abbreviated recitation of the facts will suffice. Warner first visited Gilbert Ross for an emergency dental appointment on April 23, 1994. After determining that Warner had an impacted wisdom tooth surrounded by infected gum tissue, Ross prescribed an antibiotic. Later that week, Ross removed the impacted wisdom tooth. Warner's other three wisdom teeth had previously been removed. When Warner returned to Ross a week later for a follow-up visit, she complained of an aching pain in her jaw. Ross treated what he diagnosed as dry socket and scheduled another visit three days later, on May 9, 1994. Warner alleges that at this third visit, she complained of

2

ongoing pain and numbness, which Ross told her "might continue for weeks." Warner further alleges "[h]e may have said six months, I am not real sure." Ross denies Warner reported anything other than normal, subsiding pain.

Warner continued to experience pain and numbness in her mouth, but did not return to Ross. She claimed she "was afraid of him," "was unhappy with him from the day he took the tooth out," and had concluded by her May 9, 1994 visit that "he had done something wrong."

Six months later, on December 1, 1994, Warner visited a different dentist for a routine dental cleaning. She complained to a hygienist of irritation and numbness, and was told her numbness was not normal. Warner consulted a personal injury lawyer and a third dentist, who informed her the numbness was caused by nerve damage during the wisdom tooth extraction.

On October 30, 1996, Warner sued Ross for medical malpractice. Ross moved for summary judgment, contending Warner's claims were barred by the two-year statute of limitations for medical malpractice claims under 27 V.I.C. § 166d. The Territorial Court granted Ross's motion for summary judgment and the Appellate Division of the District Court affirmed. Warner now appeals, contending the record presents genuine issues of material fact as to whether the statute of limitations was tolled by the discovery doctrine and the doctrine of fraudulent concealment.

3

## II.

Our review of the grant of summary judgment is plenary. *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 233 (3d Cir. 2002). Summary judgment is warranted when the record shows there is "no genuine issue as to any material fact." Fed R. Civ. P. 56(c). In reviewing the record, we are required to view the inferences to be drawn from the underlying facts in the light most favorable to Warner, as the party opposing summary judgment. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 223 (3d Cir. 1999).

## III.

The Virgin Islands Malpractice Act establishes a two year statute of limitations for medical malpractice claims. 27 V.I.C. § 166d(a) (2005). Warner's cause of action accrued from May 9, 1994, the date of her last visit to Ross. *See id.* ("[A]ny malpractice claim brought under this subchapter may be filed within two years of the last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the alleged act, omission or neglect."). Accordingly, unless tolled, the statute of limitations on Warner's claim against Ross expired on May 9, 1996.

Warner contends the statute of limitations was tolled by the discovery rule, under which a medical malpractice claim does not accrue for statute of limitations purposes until the plaintiff possesses actual or constructive knowledge of the injury and its cause. *See Joseph v. Hess Oil*, 867 F.2d 179, 182 (3d Cir. 1989) ("[In the Virgin Islands,] application of the equitable 'discovery rule' tolls the statute of limitations when the injury

4

or its cause is not immediately evident to the victim."). We conclude the discovery rule is inapplicable here because Warner knew or should have known that her ongoing pain and numbness were not normal side effects of the extraction procedure. She previously had three wisdom teeth extracted, all without complication. She testified that Ross was agitated and frustrated during the surgery, "was very upset and nervous about what he had done," and apologized to her repeatedly afterwards. This led Warner to conclude "he had done something wrong," affirmatively disproving ignorance of her injury and its cause. Accepting all of Warner's allegations as true and viewing the record in the light most favorable to her, we conclude Warner knew or should have known by the date of her last visit to Ross that she had abnormal symptoms resulting from the wisdom tooth extraction.

Warner contends the statute of limitations was also tolled by the fraudulent concealment doctrine. *See* 27 V.I.C. § 166d(a) (tolling the statute of limitations for any period during which a health care provider "had actual knowledge of any act, omission or neglect of knowledge of facts which would reasonably indicate such act, omission or neglect which is the basis for a malpractice claim and failed to disclose such fact to the patient."). Again viewing the record in the light most favorable to Warner, we find no evidence of fraudulent concealment. Ross was aware of Warner's pain and discomfort during her return visits, and may even have been aware of her numbness. But we find no indication that Ross had actual knowledge of Warner's nerve damage.

5

Furthermore, Virgin Islands courts have held fraudulent concealment requires an affirmative act of concealment. *See Payne v. Gov't of the Virgin Islands*, 44 V.I. 213, 217 (V.I. Terr. Ct. 2002) ("[T]he query in fraudulent concealment cases is whether there is evidence that the defendant took affirmative steps to conceal the wrongful conduct."). Ross's only action that could plausibly constitute affirmative concealment was his assurance to Warner that her symptoms would soon subside. But it was unreasonable for Warner to rely on this assurance when the pain and numbness failed to lessen in intensity. In applying Pennsylvania's fraudulent concealment doctrine, we have noted that "reliance upon the word of one physician when the patient's own common sense should lead one to a different conclusion is unreasonable." *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991). Here, we conclude the fraudulent concealment doctrine cannot serve to toll the statute of limitations when, using reasonable diligence, Warner should have known of her injury and its cause.

**IV.**

For the reasons set forth, we will affirm the judgment of the Appellate Division of the District Court.