## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

REOLA GARCIA OLIVER, JAMES OLIVER and )    CASE NO. SX-18-CV-229
FRANKIE OLIVER,    )
   )    COMPLEX LITIGATION DIVISION
           Plaintiffs,    )
   )
            v.    )
   )
TERMINIX INTERNATIONAL COMPANY, LLP, )
and TERMINIX INTERNATIONAL USVI,    )
   )
           Defendants.    )
_____ )

Cite as: 2020 VI Super 54

**Appearances:**

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates, LLC
Christiansted, VI 00820
*For Plaintiffs*

**KEVIN A. RAMES, ESQ.**
The Law Office of K. A. Rames, P.C.
Christiansted, VI 00820
*For Defendants*

## <u>MEMORANDUM OPINION</u>

**MOLLOY,** *Judge*

¶1    **BEFORE THE COURT** is a pre-answer motion filed by Terminix International Company, LLP (hereinafter "Terminix International") and Terminix International USVI (hereinafter "Terminix USVI") (collectively "Defendants") to dismiss the complaint for failure to state a claim for relief based on the statute of limitations. Defendants attached several documents in support. Plaintiffs, Reola Garcia Oliver ("Reola"), James Oliver ("James"), and Frankie Oliver ("Frankie") (collectively "Plaintiffs"), oppose, claiming the discovery rule should apply. Plaintiffs also object to Defendants' documents because it would convert their motion to one for summary judgment. For the reasons explained below, the Court will grant Defendants' motion in part and deny without prejudice in part. The Court will also direct Plaintiffs to replead their complaint and order Defendants to answer the

forthcoming amended complaint because Defendants' pre-answer motion and supporting documents raise several concerns both sides overlook that preclude determining, on the present record, whether Plaintiffs' remaining claims are barred. Defendants may then move for judgment on the pleadings or for summary judgment on their statute of limitations defense, if appropriate.

## I.    BACKGROUND

¶2    According to the Complaint, which the Court assumes to be true at this juncture, Terminix USVI came to Plot #219 Enfield Green, St. Croix, on May 27, 2016, where Reola, James, and Frankie live, "to exterminate the house." (Compl. ¶ 9.) During the treatment, "Reola . . . became nauseous, developed a burning sensation in her throat and eyes, pressure in her head and facial muscles and disorientation. James . . . and Frankie . . . developed burning sensations in their eyes and throat." *Id.* ¶ 10. Frankie continued to have breathing problems "until he left the house," *id.* ¶ 11, while Reola's symptoms worsened, causing her to seek treatment in the emergency room. *See id.* ¶ 12. Everyone "continued to get sick when they entered the home and after a short time had to move out . . . on June 19, 2016." *Id.* ¶ 15.

¶3    Reola reached out to Terminix USVI, leaving messages asking about the chemicals used, "but no one returned her calls." *Id.* ¶13. Plaintiffs also asked their physicians but were told that they could not "determine if the fumigation by Terminix was the cause of the[ir] symptom[s] definitively without knowing what had been used to spray the home." *Id.* ¶ 16. After lodging a complaint with the Virgin Islands Department of Planning and Natural Resources ("DPNR"), Plaintiffs learned in January 2017—for "the first-time," *id.* ¶ 24—that "bifenthrin and cyfluthrin" were used. *Id.* ¶ 23.

¶4    More than two years after the May 27, 2016 house treatment, Plaintiffs, on June 20, 2018, filed a complaint in the Superior Court of the Virgin Islands, asserting three claims for relief: negligence (Count I); factual misrepresentation/detrimental reliance (Count II), and supplying a defective product (Count III). They seek damages for "physical injuries, medical expense, loss of income, economic damages, damages to their home, mental anguish, pain and suffering and loss of enjoyment of life . . . ." *Id.* ¶ 27. Defendants appeared on August 9, 2018 and filed a motion to dismiss in lieu of an answer. They attached several exhibits in support, including a copy of the service/inspection report for the May 27, 2016 home treatment. Plaintiffs filed their opposition on August 29, 2018, and Defendants filed their reply on September 5, 2018. More than a year later, on October 24, 2019, Defendants filed a notice to substitute a new exhibit in place of the one attached as Exhibit 1 to their August 9, 2018 motion. In the interim, on January 24, 2019, the parties filed

their initial discovery conference report and a proposed scheduling order, which the Court approved on February 8, 2019.

## II.     LEGAL STANDARD

¶5     A complaint that "fail[s]to state a claim upon which relief can be granted" may be dismissed by motion. V.I. R. Civ. P. 12(b)(6). The motion tests the sufficiency of the complaint. When ruling on a motion to dismiss for failure to state a claim, the court does not address the merits. Instead, the court must assume the truth of the allegations in the complaint and ask whether the allegations state a cause of action and give the defendants sufficient notice to be able to defend. *Cf. Oxley v. Sugar Bay Club & Resort Corp.*, ST-18-CV-96, 2018 V.I. LEXIS 81, at *3 (V.I. Super. May 14, 2018) (citing V.I. R. Civ. P. 8(a)(2) (2017)). As a notice pleading jurisdiction, "[a] complaint is sufficient 'so long as it adequately alleges facts that put an accused party on notice of claims brought against it.'" *Id.* (quoting *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (2017)); *accord Arno v. Hess Corp.*, 2019 VI Super 140 ¶ 48 ("'Plead the who, what, where, when, and how—sufficient information to put a defendant on notice of the conduct and actions the plaintiff complains of.'" (brackets and citation omitted)). "Because 'the statute of limitations is an affirmative defense' involving issues of fact, it typically cannot be decided on the pleadings alone." *United Corp. v. Hamed*, 64 V.I. 297, 306 (2016) (citation omitted). But "'where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law.'" *Burton v. First Bank of P.R.*, 49 V.I. 16, 20 (Super. Ct. 2007) (quoting *Vitalo v. Cabot Corp.*, 399 F.3d 536, 543 (3d Cir. 2005)); *accord United Corp.*, 64 V.I. at 306 ("'In some cases a complaint so clearly reveals the existence of a defense that judgment on the pleadings is possible.'" (brackets and citation omitted)).

## III.     DISCUSSION

¶6     In moving to dismiss,[1] Defendants assume the two-year statute of limitations governs all Plaintiffs' claims. (*See generally* Defs.' Mot. to Dismiss 3, filed Aug. 9, 2018 ("Tort claims are subject to a two-year statute of limitations.") (hereinafter "Mot.").) Plaintiffs, in opposition, assume the same, but claim their efforts to discover the cause of their injuries—reaching out to Terminix USVI and filing a complaint with DPNR—should equitably toll the limitations period. (*See generally* Pls.'

---

[1] A day after Defendants filed their answer, Plaintiffs, on August 10, 2018, filed a motion for entry of default. Plaintiffs did not withdraw their motion. Accordingly, in a February 3, 2020 Order, the Clerk denied it, finding that Defendants had appeared and filed their August 9, 2018 motion within their respective times to appear. Accordingly, Defendants' motion is properly before the Court. *Cf. Martinez v. Columbian Emeralds, Inc.*, 51 V.I. 174, 191 (2009).

Opp'n to Mot. to Dismiss 6, filed Aug. 29, 2018 ("Notwithstanding this two-year statutory prescribed limitations period, however, the running of the statute of limitations may be tolled by the application of such doctrines as the discovery rule . . . .") (hereinafter "Opp'n").) There is no dispute that the two-year statute of limitations governs Plaintiffs' first count, which is for negligence. (*See* Compl. ¶ 27 ("The Defendants were negligent in the extermination of the Plaintiffs' home.").) Negligence is a tort and tort claims are subject to a two-year statute of limitation in the Virgin Islands. *Cf. Der Weer v. Hess Oil Virgin Island Corp.*, 61 V.I. 87, 116 (Super. Ct. 2014) ("Generally, a tort claim is subject to a two-year statute of limitations." (citing 5 V.I.C. § 31(5)(A)).

¶7     Plaintiffs concede that their complaint was not filed within two years from May 27, 2016, because they contend the discovery rule should apply. "The discovery rule tolls the statute of limitations when, despite the exercise of due diligence, the injury or its cause is not immediately evident to the victim." *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (2012). "Under the discovery rule, the focus is not on 'the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff.'" *Id.* (brackets and citation omitted). To benefit from the discovery rule, "a plaintiff must establish that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Id.* (brackets omitted).

¶8     In *Santiago*, the Supreme Court of the Virgin Islands rejected the application of the discovery rule in a case quite similar to this case. In that case, the plaintiff had witnessed an employee of ABC Janitors "open a bucket of Red Hot Sewer Solvent and pour its contents into a sewer pipe outside her home." *Id.* "[U]pon inhaling the fumes from the sewer solvent her eyes, nose and throat began to burn; she started vomiting; and she sustained physical injuries." *Id.* The Virgin Islands Supreme Court concluded that, "[b]ased on her own assertions, Santiago was both aware of her alleged injures and their cause on the date they occurred . . . ." *Id.* This case is nearly identical.

¶9     There is no question that Plaintiffs knew on May 27, 2016, that the cause of their injuries was the pesticides that Terminix USVI applied to their home. Reola, "who was *present at the time*, became nauseous, developed a burning sensation in her throat and eyes, pressure in her head and fascial muscles and disorientation." (Compl. ¶ 10 (emphasis added).) James and Frankie too, "who were *also present*[,] developed burning sensations in their eyes and throat[s]." *Id.* (emphasis added). Plaintiffs allege in their complaint that "[f]inally, in January 2017, [they] were informed that at least

bifenthrin and cyfluthrin were found in the testing and that they indeed could provide problems if used improperly." *Id.* ¶ 23. They claim January 2017 "was the first-time Plaintiffs had the requisite knowledge that the chemicals used on their home by . . . Defendants . . . damaged their home and their health." *Id.* ¶ 24. But determining whether the running of the statute of limitations is tolled by the discovery rule is for the Court to decide. *See Santiago,* 57 V.I. at 278 ("The Superior Court correctly determined that the running of the statute of limitations against Santiago's claims against ABC Janitors was not tolled by the discovery rule . . . ."). Plaintiffs cannot plead the discovery rule in their complaints in an attempt to preempt a motion to dismiss. (*Cf.* Defs.' Mot. 3 ("Plaintiffs *apparently seek to invoke the discovery rule,* not because they lacked actual knowledge of their alleged injury when it first manifested in May, 2016, but because there has been a delay in identifying the presumed cause of their alleged injuries." (emphasis added)).)

¶10    Plaintiffs acknowledge "that in seeking the benefit of the discovery rule, equitable tolling, and fraudulent concealment doctrines, they have the burden . . . ." (Opp'n 12.) They failed to carry that burden here.[2] "'Application of the equitable discovery rule tolls the statute of limitation when the injury or its cause is not immediately evident to the victim.'" *Pichierri v. Crowley,* 59 V.I. 973, 978 (2013) (quoting *Joseph v. Hess Oil V.I. Corp.,* 867 F.2d 179, 182 (3d Cir. 1989)). Plaintiffs knew on May 27, 2016 that they were injured. While Plaintiffs wanted to know which chemicals were used in their home, that information could have been learned in discovery. Plaintiffs knew they were injured on May 27, 2016 and could have filed suit by May 27, 2018. The complaint, filed June 20, 2018, was filed more than two years after the negligence claim arose. The Court concludes that this is an instance where the complaint so clearly reveals the existence of the statute of limitations defense that the Court must grant the motion to dismiss Count I.

¶11    The Court cannot grant Defendants' motion to dismiss Counts II and III, however, at least not at this point. Regarding Count II, Plaintiffs do not specify whether the alleged misrepresentation was negligent or fraudulent. Both are recognized under Virgin Islands law. *See Mills-Williams v. Mapp,* 67 V.I. 574, 587 (2017) (citing *Chestnut v. Goodman,* 59 V.I. 467, 475 (2013); *Pollara v.*

---

[2] Additionally, Plaintiffs, in their complaint, allege that James "was seriously ill and in the states undergoing health care and the parties could not immediately file suit." (Compl. ¶ 25.) Yet, in opposition to Defendants' motion, they do not address this allegation or explain why it should toll the statute of limitations. Assuming, arguendo, that James' illness might be a basis for equitably tolling the statute of limitations as to him, *cf. Connor v. Gov't of the V.I.,* 20 V.I. 100, 104-05 (Terr. Ct. 1983) (citing *Quailey v. Gov't of the V.I.,* 12 V.I. 463, 466-68 (D.V.I. 1975)), it was Plaintiffs' burden to make that argument. Even if they had, the Court finds *Quailey* persuasive here. *See Quailey,* 12 V.I. at 467-68.

*Chateau St. Croix, LLC*, 58 V.I. 455, 471 (2013)). But "the elements of fraudulent misrepresentation and negligent misrepresentation differ . . . ." *Id.* In their complaint, Plaintiffs allege that "Terminix International controls the policies and practices of Terminix [USVI] . . . and supervises the chemical used in exterminating." (Compl. ¶ 6.) Plaintiffs then allege that they "relied on those representations in deciding to do business with *Defendant.*" (Compl. ¶ 7 (emphasis added).) Even though the term "Defendant" (in the singular) is not defined in their complaint, when viewed in their favor it is clear that Plaintiffs allege that they hired Terminix USVI because Terminix International supposedly controlled and supervised Terminix USVI. Thus, this claim appears to be directed solely at Terminix International as the one whose representations Plaintiffs allegedly relied on in doing business with Terminix USVI. However, while all Plaintiffs assert this claim, the complaint fails to show how Frankie, Reola's son, could state this claim. Reola and James own the home and hired Terminix. Even a liberal reading of the complaint does not show how Frankie could have a misrepresentation / detrimental reliance claim.

¶12 Nonetheless, the Court must accept the allegations as true at this juncture. All misrepresentation claims are subject to a two-year statute of limitations. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 795 (2015). The statute of limitations does not begin to run and the cause of action does not accrue until "the 'occurrence of the essential facts that give rise to th[e] cause of action.'" *Id.* (quoting *Anthony v. FirstBank V.I.*, 58 V.I 224, 227 (2013)). If, as Plaintiffs allege in their complaint, it was not until January 2017 that they learned "for the first time" that Terminix USVI "used improper chemicals in the extermination of the Plaintiffs' home," (Compl. ¶ 26), then January 2017 would be the date when their misrepresentation / detrimental reliance claim accrued. In other words, construing the complaint in the light most favorable to the Plaintiffs, as the Court must do in ruling on a pre-answer motion to dismiss, the representation that Terminix International controls Terminix USVI, including "supervis[ing] what chemicals [are] used in exterminating," *id.* ¶ 6, that representation may not have turned out to be a "misrepresentation" until Plaintiffs learned in January 2017, that "bifenthrin and cyfluthrin" were used and "indeed could provide problems if used improperly." *Id.* ¶ 23. Defendants are mistaken that the two-year statute of limitation on Count II has run.

¶13 Lastly, the Court cannot grant Defendants' motion to dismiss III, at least not at this point. Both sides overlook a crucial question, namely what limitation period governs a claim for supplying a defective product (Count III). Since "'the parties cannot stipulate to the law,' not explicitly by

agreeing on the applicable law, or implicitly by not questioning what law applies," *Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 140 (Super. Ct. 2016) (citations omitted), the Court must first decide what statute of limitations governs. "The question which statute of limitations applies is generally a question of law." *Hess Oil V.I. Corp. v. Fluor Daniel*, 2020 VI Super 50, ¶ 53 n.13 (collecting cases); *accord United States v. Seale*, 558 U.S. 985, 985 (2009) (Stevens, J. dissenting from denial of certified question) ("This certificate presents us with a pure question of law . . . . The question is what statute of limitations applies . . . .").

¶14    The Virgin Islands Supreme Court has not addressed this question yet. But other courts in the Virgin Islands, as well as courts in other jurisdictions, have held that a clam for supplying a defective product is governed by the Uniform Commercial Code ("UCC"), even when a personal injury allegedly results from the product supplied. *See, e.g., Lukey v. Int'l Paint Co.*, 24 V.I. 300, 303 (D.V.I. 1989) (citing *Todman v. Supercar, Inc.*, 16 V.I. 408 (D.V.I. 1979); *Todman*, 16 V.I. at 410 (citing 11A V.I.C. § 2-318); *see also Gerald v. R.J. Reynolds Tobacco Co.*, 67 V.I. 441, 455-47 & nn. 30-33 (Super. Ct. 2017) (collecting cases); *accord Williams v. W. Penn Power Co.*, 467 A.2d 811, 818 (Pa. 1983) ("We rule today that section 2-725 of the Code applies to all breach of warranty actions brought under the Code and that no exception will be made merely because the claim seeks to recover for personal injury."). Other courts disagree, holding that the general statute of limitations on tort claims governs. *Cf. Taylor v. Ford Motor Corp.*, 408 S.E.2d 270, 274 (W. Va. 1991) ("[W]e conclude that where a person suffers personal injuries as a result of a defective product and seeks to recover damages for these personal injuries based on a breach of express or implied warranties, the applicable statute of limitations is the two-year provision contained in W. Va. Code, 55-2-12, rather than the four-year provision contained in our U.C.C., W. Va. Code, 46-2-725."). *See also, e.g., Fernandez v. Char-Li-Jon, Inc.*, 888 P.2d 471, 474 (N.M. Ct. App. 1994) ("Courts have struggled with whether the personal injury statute of limitations or the Uniform Commercial Code statute of limitations applies in an action for personal injury which could be predicated on either strict liability or breach of an implied warranty."), *overruled in part on other grounds by Romero v. Bachicha*, 28 P.3d 1141, 1156 (N.M. Ct. App. 2001); *Taylor*, 408 S.E.2d at 272 (summarizing three different approaches courts have taken). The general statute of limitations would govern "unless a different limitation is prescribed by statute." 5 V.I.C. § 31. The Virgin Islands UCC prescribes a different period: four years. *See* 11A V.I.C. § 2-725(1). What statute of limitations applies, given the commercial relationship between the parties, is a threshold issue the parties must address.

¶15 Moreover, Plaintiffs assume that Terminix USVI supplied a product by providing extermination services. But many courts have held that contracts for services are not governed by the UCC. *Cf. Samuelson v. Douthirt,* 529 P.2d 631, 633 (Colo. 1974) ("We regard it as the better part of wisdom not to extend as a matter of law implied warranties from sales to service contracts. We believe it the better rule to limit liability to acts of negligence."); *Ahlstrom Mach. v. Associated Airfreight, Inc.,* 675 N.Y.S.2d 161, 163 (App. Div. 3rd Dept. 1998) ("UCC article 2 applies to contracts for the sale of goods, not a contract for services." (citation omitted)). Other courts take a more nuanced approach. *Cf. Petroleo Brasileiro, S.A., Petrobras v. Nalco Chem. Co.,* 784 F. Supp. 160, 164 (D.N.J. 1992) ("The New Jersey Supreme Court has addressed the issue of whether UCC warranty principles apply to mixed good and services contracts. It held that a mixed goods and services contracts involving a transaction between a beauty parlor operator and a patron to be governed by UCC general warranty principles." (citations omitted)); *accord Colo. Carpet Installation, Inc. v. Palermo,* 668 P.2d 1384, 1388-89 (Colo. 1983) (adopting the "primary purpose" test to determine whether goods or services predominate). Whether Plaintiffs really are pursuing a defective product claim is unclear, and must be addressed, before the Court can determine if the statute of limitations has run. *Accord Arno,* 2019 VI Super 140 at ¶ 44 ("'Legal labels characterizing a claim cannot, standing alone, determine whether it fails. 'Even where such a label reflects a flat misapprehension by counsel respecting a claim's legal basis, dismissal on that ground alone is not warranted so long as any needed correction of legal theory will not prejudice the opposing party.'" (ellipsis and citations omitted)).

¶16 "Courts may ... order claimants 'to flesh out the issues' in their pleadings and provide further detail ... within their inherent authority 'to move the case forward efficiently and orderly'...." *Willie v. Amerada Hess Corp.,* 66 V.I. 23, 39 (Super. Ct. 2017) (citation omitted). Because it is not clear exactly whether Plaintiffs are asserting claims for fraudulent misrepresentation or negligent misrepresentation, and whether all Plaintiffs assert each account against both Defendants, the Court will grant Plaintiffs leave to replead their complaint. Additionally—although the Court has declined to consider the documents Defendants submitted in ruling on their motion, cf. V.I. R. Civ. P. 12(d), the Court does note that Exhibit 1, as well as a fair reading of Plaintiffs' complaint, show that Reola, but possibly James as well—Frankie's connection to James and Reola, other than his being a resident in the home is not spelled out in the complaint—were customers of Terminix USVI. In other words, Reola, or Reola and James, had a contractual relationship with Terminix USVI. Actions "upon a

contract . . . express or implied" are subject to a six-year statute of limitations. 5 V.I.C. § 31(3)(A). In addition to seeking damages for personal injury, Plaintiffs also seek "damages to their home . . . ." (Compl. ¶ 27.) Homes may, under some circumstances, constitute "personal property," cf. *Tapley v. Smith*, 18 Me. 12 (1840), and actions "for . . . injuring personal property" would be subject to a six-year statute of limitations. 5 V.I.C. § 31(3)(D). Here, Plaintiffs allege that Reola and James owned the land and claims for damage to real property are not governed by a specific statute of limitations. So, the catch-all provision of ten years, see 5 V.I.C. § 31(2)(A), might apply to whatever count represents Plaintiffs' claim for damages to their home. Clearly, the complaint must be repleaded before the Court can determine what claims, and what statutes of limitations, govern the remaining claims. "But 'leave to replead does not imply leave to supplement or amend.'" *Arno*, 2019 VI Super 140 at ¶ 66 (brackets and citation omitted).

### IV. CONCLUSION

¶21 After careful consideration and review, the Court finds that the discovery rule does not apply to toll Plaintiffs' negligence claims. Plaintiffs got sick the same day Terminix USVI applied pesticides in their home and those injuries persisted. Their negligence claims accrued the same day. Because the complaint so clearly reveals that the statute of limitations has run, the Court will grant Defendants' motion to dismiss Plaintiffs' negligence claim. The Court cannot find, however, based on Defendants' pre-answer motion, that the statute of limitations has run on Plaintiffs' claims for misrepresentation / detrimental reliance or supplying a defective product. Misrepresentation claims accrue when the person relying on the representation learns that it was false. Plaintiffs' claim accrued within the two-year statute of limitations. Whether the statute of limitations has run on Plaintiffs' claim for supplying a defective product is unclear because what statute of limitations governs such claims is unsettled in the Virgin Islands. Therefore, Defendants have not carried their burden as to Count III. Plaintiffs will be given leave to replead their claims and file and amended complaint. An appropriate order follows.

**Dated:** April 26, 2020

**ATTEST:**
TAMARA CHARLES
Clerk of the Court
By: _____
        Court Clerk
Dated: _____4/26/2020_____

_____
ROBERT A. MOLLOY
Senior Sitting Judge