**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2217
_____

ISSAC BRACY,
                    Appellant

v.

PFIZER INC.
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 1:16-cv-00052)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2020
_____

Before:  SMITH, <u>Chief Judge</u>, CHAGARES and MATEY, <u>Circuit Judges</u>

(Filed: December 10, 2020)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Issac Bracy claims that the District Court erred in denying his motions for summary judgment and to amend his complaint, and in granting Pfizer Inc.'s motion to dismiss Bracy's products liability claims as time-barred. We will affirm.

I.

We write primarily for the parties, so our summary of the facts is brief. In late 1994, Bracy sought medical treatment for trigeminal neuralgia. He was prescribed Dilantin, a drug produced by Pfizer. Shortly thereafter, Bracy became ill and was hospitalized at Central Mississippi Medical Center ("CMMC") on November 11, 1994. The hospital admission form notes that Bracy is allergic to Dilantin and that he had been "taking Dilantin 2 [weeks] before reaction." Supplemental Appendix ("Supp. App.") 24. The parties dispute whether Bracy self-reported to hospital staff that he was allergic to Dilantin or whether staff reached this conclusion on their own after interviewing Bracy. Other medical records from November 11, 1994 state that Bracy was diagnosed with "Stevens Johnson Syndrome [secondary] to Dilantin." Supp. App. 39.

Bracy asserts that his medical providers never informed him of the Stevens-Johnson Syndrome ("SJS") diagnosis. After his hospitalization, Bracy's doctor urged him to move to a warmer climate to ease his neuralgia symptoms. Bracy moved to St. Croix within months of his discharge from CMMC.

In December 2014, Bracy saw a legal advertisement on television noting the dangers of Dilantin to the African American community. The ad stated that Dilantin can cause SJS and other side effects similar to what Bracy had experienced. In January 2015,

Bracy sought his medical records from CMMC. When he received them in June 2015, Bracy "definitively confirmed" that his 1994 episode of SJS was a reaction to Dilantin. Bracy Br. 4.

Proceeding pro se, Bracy filed a complaint against Pfizer in July 2016 and filed an amended complaint in March 2017, alleging that Pfizer knowingly hid the risks of Dilantin to African Americans and asserting various products liability claims. Less than a week after filing his amended complaint, Bracy moved for summary judgment. Pfizer opposed the summary judgment motion and moved to dismiss, arguing that Bracy's claims were time-barred under Mississippi law and that several of his counts failed to state a claim. Bracy opposed the motion to dismiss, arguing that the statute of limitations should be tolled due either to the "discovery rule" or Pfizer's fraudulent concealment. In February 2018, Bracy moved for leave to file a second amended complaint.

On May 1, 2018, the District Court heard oral argument and issued a decision on all three pending motions. The court denied Bracy's motion for summary judgment without prejudice as premature. The court granted Pfizer's motion to dismiss Bracy's claims as time-barred, holding that neither the discovery rule nor fraudulent concealment justified Bracy's delay in bringing suit under Mississippi law. And the court denied Bracy's motion to amend his complaint as futile because Bracy's proposed second amended complaint did not add any facts that would change the statute of limitations analysis. Bracy timely appealed from all three rulings.

II.[1]

We consider each of the District Court's three rulings in turn.

A.

Bracy argues that the District Court "erred when it denied Plaintiff's Motion for Summary Judgment as a matter of law, as premature, and because the Defendant intentionally failed to answer the complaint and delayed taking discovery." Bracy Br. 6.

District courts are generally obliged to give parties opposing summary judgment an opportunity to take discovery. Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007). Where the factual record is inadequate for a nonmovant to respond to a motion for summary judgment, the district court may defer or deny the motion. Fed. R. Civ. P. 56(d)(1).

Bracy moved for summary judgment within a week of filing his first amended complaint. Pfizer thus did not have an adequate opportunity to obtain discovery, and the District Court properly denied Bracy's motion for summary judgment, without prejudice, as premature. See St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (observing that challenges under Rule 56(d) are usually granted "as a matter of course").

B.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's denial of summary judgment is plenary. See Cranbury Brick Yard, LLC v. United States, 943 F.3d 701, 708 (3d Cir. 2019). So too is our review of a district court's order granting a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). While we review the denial of leave to file an amended complaint for abuse of discretion, the District Court's determination that amendment would be futile is reviewed de novo. See Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp., 823 F.3d 184, 189 (3d Cir. 2016).

The District Court granted Pfizer's motion to dismiss on the ground that Bracy's claims were time-barred and Bracy was not entitled to tolling under Mississippi law. On appeal, Bracy challenges the District Court's conclusion that he is not entitled to tolling and appears to argue that Mississippi's limitations period and tolling doctrines do not apply to his claims.

Bracy has likely forfeited any argument that Mississippi's limitations period does not apply. In the District Court, he did not challenge the application of Mississippi law except to argue that "[a]rguably, any and all U.S. jurisdictions' laws apply." Opposition Brief to Pfizer's Motion to Dismiss at 3, Bracy v. Pfizer, Inc., No. 16-cv-52 (D.V.I. May 9, 2017), ECF No. 28. During oral argument, Bracy did not object to Pfizer's assertion that Mississippi law applied. The District Court understandably found that Bracy did "not contest" the application of Mississippi law. App. 21 n.3. Arguments not made to the District Court are forfeited on appeal. Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020).

Regardless of whether Bracy has preserved an objection to the application of Mississippi's statute of limitations, or whether Virgin Islands law applies,[2] his claims are time-barred. Bracy is not entitled to tolling under the law of either forum.

---

[2] In the Virgin Islands, a statute of limitations is treated as procedural for choice-of-law purposes and the limitations period of the forum typically governs. Benjamin v. E. Airlines, Inc., 18 V.I. 516, 520 (D.V.I. 1981) (citing Restatement (Second) Conflict of Laws § 142); see also Berry v. Am. Airlines, Inc., 2000 WL 34205757, at *3 (D.V.I. Aug. 28, 2000) (same).

1.

The applicable statute of limitations in Mississippi is three years. Miss. Code Ann. § 15-1-49(1). Bracy was injured in 1994 and brought suit in 2016. Absent tolling, Bracy's claims became time-barred under Mississippi law in the late 1990s. Bracy argues that his claims should be tolled due to either the discovery rule or Pfizer's alleged fraudulent concealment. Tolling is not warranted under either doctrine.

Mississippi's discovery rule statute provides that a cause of action for "latent" injuries "does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2). This provision applies only when the injury itself is unknown to the plaintiff; it does not toll the limitations period where, as here, a plaintiff is aware of her injury but not the cause of that injury. See Angle v. Koppers, Inc., 42 So.3d 1, 5 (Miss. 2010). Bracy's injury was not latent — he was aware of it when it occurred in 1994. Nor does the discovery rule help Bracy if we treat his specific "injury" as the SJS diagnosis, of which Bracy claims he was unaware until he obtained his medical records in 2015. As the District Court observed, Bracy could have learned of this diagnosis in 1994 by requesting his medical records from CMMC following discharge. Bracy was not reasonably diligent in waiting until 2015 to request those records. Mississippi's discovery rule does not toll the statute of limitations on Bracy's claims.

Mississippi's fraudulent concealment statute permits tolling where the defendant "fraudulently conceals the cause of action from the knowledge of the person entitled thereto." Miss. Code Ann. § 15-1-67. Claims will be tolled until "the time at which such

6

fraud shall be, or with reasonable diligence might have been, first known or discovered." Id. This statute requires a plaintiff to show "(1) that the defendant 'engaged in affirmative acts of concealment,' and (2) despite investigating with due diligence, the plaintiff was unable to discover the claim." Nygaard v. Getty Oil Co., 918 So.2d 1237, 1242 (Miss. 2005) (quoting Robinson v. Cobb, 763 So.2d 883, 887 (Miss. 2000)). The required "affirmative acts" cannot be the conduct giving rise to the claim; they must be "subsequent" acts that conceal the basis for the claim. Bryant v. Wyeth, Inc., 816 F. Supp. 2d 329, 335 (S.D. Miss. 2011) (collecting cases).

Bracy alleges that Pfizer concealed the link between Dilantin and SJS. This allegation goes to some of Bracy's substantive claims, such as failure to warn, but does not warrant tolling the statute of limitations. Bracy does not allege that Pfizer prevented him from obtaining his medical records, nor any other "subsequent" acts that actively sought to keep him from discovering the link between Dilantin and SJS. Even if Pfizer's alleged failure to warn qualified as a subsequent affirmative act of concealment, Mississippi's fraudulent concealment statute would not apply because Bracy was not reasonably diligent in investigating his claims. As noted, with reasonable diligence Bracy could have learned of his SJS diagnosis and its link with Dilantin in 1994 or shortly thereafter.

Because neither the discovery rule nor fraudulent concealment toll Mississippi's statute of limitations, Bracy's claims are time-barred under Mississippi law.

2.

The applicable statute of limitations in the Virgin Islands is two years. See 5 V.I.

7

Code Ann. § 31(5)(A). Neither the discovery rule nor fraudulent concealment operate to toll the Virgin Islands' statute of limitations, and Bracy's claims are thus time-barred.

The discovery rule in the Virgin Islands allows for tolling where the plaintiff is ignorant only of the cause of a known injury. See Joseph v. Hess Oil, 867 F.2d 179, 182 (3d Cir. 1989) (holding that the Virgin Islands' two-year limitations period for personal injury claims was tolled "when the injury or its cause is not immediately evident to the victim" (emphasis added)). Bracy claims he was ignorant of the cause of his injury until he received his medical records from CMMC in 2015. Nevertheless, the limitations period will not be tolled where the plaintiff "reasonably should know" the cause of her injury through the exercise of reasonable diligence. Joseph, 867 F.2d at 182 n.8; see also Hess Oil V.I. Corp. v. Daniel, 72 V.I. 676, ¶ 35 (Super. Ct. 2020); Gerald v. R.J. Reynolds Tobacco Co., 67 V.I. 441, 460 (Super. Ct. 2017). Bracy could have learned the cause of his injury in 1994 by requesting his medical records from CMMC. Those records link Bracy's injury to Dilantin, which would have led him to Pfizer. Bracy was not reasonably diligent in waiting until 2015 to request them.

Nor can Bracy satisfy the Virgin Islands' version of fraudulent concealment. Among other things, that doctrine requires (1) that the defendant's conduct prevented plaintiff from discovering the nature of the claim within the limitations period, and (2) that plaintiff could not have discovered sufficient facts to identify the cause of action despite reasonable care and diligence. Gerald, 67 V.I. at 466. For the reasons just discussed, those requirements are not satisfied here: nothing Pfizer did prevented Bracy from timely requesting his medical records, from which he could have learned the nature

8

of his claims within the limitations period.

Because neither the discovery rule nor fraudulent concealment toll the Virgin Islands' statute of limitations, Bracy's claims are time-barred under Virgin Islands law.

*     *     *     *     *

The limitations period has run on Bracy's claims under both Mississippi and Virgin Islands law.  The District Court's order dismissing Bracy's first amended complaint as time-barred will be affirmed.

C.

Bracy argues that the District Court "erred when it exercised its discretion to deny Plaintiff leave to amend the complaint by failing to provide a just reason."  Bracy Br. 6. The District Court denied Bracy leave to amend again because Bracy's proposed second amended complaint did not add any facts that would change the statute of limitations analysis.  Although Bracy added a section to the proposed complaint entitled "Equitable Tolling of Applicable Statutes of Limitations," Supp. App. 85-86, the court concluded that Bracy was still not entitled to tolling and that amending the complaint would therefore be futile.

The District Court did not abuse its discretion in denying Bracy leave to amend. None of the new allegations in the proposed second amended complaint overcome the statute of limitations difficulties discussed above.  For example, the allegations in the new section on equitable tolling assert that Pfizer concealed the "true risks associated with the use of their Dilantin drug products" from Plaintiff and others, Supp. App. 85, but do not explain how Pfizer prevented Bracy from learning that his 1994 episode was

9

caused by Dilantin or from obtaining the CMMC medical records showing just that. Because Bracy's claims would still be time-barred, any amendment to the complaint would have been futile.  Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001).[3]

III.

For these reasons, we will affirm the order of the District Court.

---

[3] We have considered all other arguments made by Bracy and conclude that they are without merit.